UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 2:16-CV-14371-ROSENBERG/LYNCH

EVENS SAINTILIEN,

Plaintiff,

v.

WILLIAM D. SNYDER,
in his official capacity as
SHERIFF OF MARTIN COUNTY,

Defendant.
_____/

## ORDER GRANTING MOTION TO DISMISS COUNT V OF PLAINTIFF'S SECOND AMENDED COMPLAINT

This cause is before the Court on Defendant's Motion to Dismiss Counts II-V of Plaintiff's Second Amended Complaint. DE 13. Plaintiff has filed a response. DE 19. Defendant has filed a reply. DE 21. The Court has considered these filings and the argument heard in this matter during the hearing held on December 1, 2016. Only one count of Plaintiff's Second Amended Complaint remains to be addressed: Count V.[1] For the reasons detailed below, Count V is hereby dismissed for lack of subject matter jurisdiction.

---

[1] Defendant did not move to dismiss Count I. The Court dismissed Counts II and III with prejudice for reasons stated on the record during the hearing held on December 1, 2016. Plaintiff stated on the record that he did not intend to pursue Count IV. Count IV is, indeed, omitted from the Third Amended Complaint, which was stricken during the hearing. *See* DE 20, 27.

## I.  BACKGROUND[2]

Plaintiff Evens Saintillien worked as a deputy sheriff in the Martin County Sheriff's Office ("MSCO") from April of 2012 until his termination in January of 2013. DE 1 at ¶ 18. Plaintiff was informed that he was being terminated because he had not passed his probationary period. *Id.* at ¶ 20. Plaintiff subsequently applied for employment as a law enforcement officer elsewhere, but his applications were rejected. *See id.* at ¶¶ 14(d), (j), (l), (m). Fearing foul play, Plaintiff made public records requests to obtain his personnel information from the MSCO and from the offices that had rejected his applications for employment. *Id.* at ¶ 33. Among other things, Plaintiff learned that the MSCO had sent memoranda to prospective employers stating that Plaintiff had destroyed evidence on the job. *Id.* at ¶¶ 33 (h), (j).

## II.  LEGAL STANDARD

Defendant has moved for the Court to dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). To survive, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In determining whether this standard is met, the Court must both accept all factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff. *Twombly*, 550 U.S. at 678-79. But legal conclusions—including those couched as factual allegations—are not entitled to a presumption of truth. *Id.* Ultimately, the inquiry is a context-specific one requiring that the Court draw on its "judicial experience and common sense." *Id.*

---

[2] The Court has only included allegations relevant to Count V, Plaintiff's procedural due process claim, as it is the only claim addressed herein.

### III.  ANALYSIS

Count V alleges a procedural due process violation. "[W]hen reputational damage is sustained in connection with a termination of employment, it may give rise to a procedural due process claim for deprivation of liberty which is actionable under Section 1983." *Cotton v. Jackson*, 216 F.3d 1328, 1330 (11th Cir. 2000) (internal citation omitted).

The issue presented is whether the Court has subject matter jurisdiction over Plaintiff's procedural due process claim. Procedural due process claims are "actionable only where the state refuses to provide a process sufficient to remedy the procedural deprivation." *Cromer v. Crowder*, 273 F. Supp. 2d 1329, 1333 (S.D. Fla. 2003). The Court lacks subject matter jurisdiction over Plaintiff's procedural due process claim, Defendant argues, "because Florida law provides adequate remedies in the form of mandamus and certiorari relief . . ." DE 21 at 6. Plaintiff acknowledges the existence of adequate state law remedies.[3] But, according to Plaintiff, the Court nonetheless has subject matter jurisdiction over his claim because Plaintiff lacked notice that stigmatizing information had been placed in his file.[4] The Court disagrees.

*Cromer* is instructive. There, defendants allegedly placed a memorandum containing false and stigmatizing information in plaintiff's personnel file without affording her the opportunity for a name-clearing hearing. 273 F. Supp. 2d at 1332. As here, plaintiff alleged that defendants placed these materials in her file "without providing [her] notice of said materials." Case No. 2:01-cv-14368, DE 1 at 2. Plaintiff brought suit, claiming a violation of her procedural due process liberty interest. 273 F. Supp. 2d at 1332-33. The district court concluded that

---

[3] "While there may have been adequate state remedies in Florida to address the false statements placed in Plaintiff's personnel file . . ." DE 19 at 10. " . . . Plaintiff in this case does not argue that no adequate state remedy exists." *Id.* at 12.

[4] "In the present case, the state agency did not provide a process sufficient to remedy the procedural deprivation because they did not notify Saintillien that the information was in his personnel file." DE 19 at 12.

3

"[b]ecause [state] certiorari is available, Cromer cannot maintain her procedural due process claim for deprivation of liberty . . ." *Id.* at 1333. It reiterated the principle that ". . . a procedural due process violation does not exist where adequate state remedies are available." *Id.* The district court reached this conclusion despite Plaintiff's lack of knowledge that the information at issue had been placed in her personnel file. In light of *Cromer*, the Court rejects Plaintiff's argument to the contrary and concludes that it lacks subject matter jurisdiction to consider Plaintiff's procedural due process claim.

Plaintiff relies heavily on *Buxton v. City of Plant City, Fla.*, 871 F.2d 1037 (11th Cir. 1989). Specifically, on the following language:

> We hold that a public employer is required to provide the opportunity for a post-termination name-clearing hearing when stigmatizing information is made part of the public record, or otherwise published. *Notice of the right to such hearing is required.*

*Id.* at 1046 (emphasis added). However, the issue presented in *Buxton* was whether the presence of stigmatizing information placed into the public record by a state entity was publication sufficient to implicate a liberty interest. *Id.* The opinion is explicit that although the City's grievance procedure was apparently available to Plaintiff, that fact was "of no moment" because the Court was speaking only of "what is constitutionally required when the liberty interest is implicated." *Id.* *Buxton* does not, therefore, support the proposition that ". . . the state agency did not provide a process sufficient to remedy the procedural deprivation because they did not notify [Plaintiff] that the information was in his personnel file." DE 19 at 12.

4

## IV. CONCLUSION

The procedural due process claim contained in Count V of Plaintiff's Second Amended Complaint is hereby **DISMISSED** for lack of subject matter jurisdiction. The Court notes Defendant has already filed its Answer and Affirmative Defenses to Count I of Plaintiff's Second Amended Complaint, which is the only surviving claim. DE 14.[5]

**DONE AND ORDERED** in Chambers in Fort Pierce, Florida this 7th day of March, 2017.

_____
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to: All counsel of record via CM/ECF

---

[5] The Court notes that this case is still operating by reference to the Second Amended Complaint, DE 10, because the Third Amended Complaint, DE 20, was stricken during the hearing held on December 1, 2016, DE 27.